UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TRUMAN HOLT, *et al.*<br><br>Appellants,<br><br>v.<br><br>GAIL HOLLAND, *et al.*<br><br>Appellees. | Case No. 2:15-cv-00500-RFB<br><br>**ORDER** |

**I. INTRODUCTION**

This case was taken on appeal from the Bankruptcy Court on March 18, 2015. Appellants filed their Opening Brief on May 4, 2015. (ECF No. 6). Appellees filed their Answering Brief on May 19, 2015. (ECF No. 8). Appellants filed their Reply Brief on June 4, 2015. (ECF No. 9). The Court held a hearing on the appeal on June 21, 2017, and incorporates the findings made at that hearing by reference.

**II. BACKGROUND**

**A. Factual Background**

This case is on appeal from a final order of the Bankruptcy Court issued on March 3, 2015. On that date, the Bankruptcy Court entered an order denying Appellants' Motion to Reconsider its ruling on a contempt order. The Bankruptcy Court had granted a Motion for Contempt against Appellants for violation of the bankruptcy stay in a state court case.

The Bankruptcy Court made the following factual findings at its hearing on March 2, 2015:

Counsel for Holt and counsel for Howard, Mr. Barney, were made aware of the filing of the bankruptcy case by separate telefaxes dated September 3, 2014. When counsel was made aware

of the filing, a proposed default judgment in favor of their clients and against the debtors was pending in state court litigation between the parties in the Nevada District Court for Clark County, case number A-12-667650-C. A related hearing had been conducted in the state court case on May 22, 2014, and was ultimately concluded on August 28, 2014. Counsel for the debtors filed a notice of bankruptcy filing in the state court case on September 4, 2014. Counsel for Holt and Barney took no steps to ensure that the pending default judgment was not signed by the judge in the state court case.

On September 10, 2014, a default judgment against the debtors was filed in the principal amount of $638,427.07, along with punitive damages, and signed by the Honorable J. Charles Thompson in the state court case. The state court judgment was not entered on the docket in the state court case. However, counsel for Holt and Barney referred to it not less than 29 times in the bankruptcy case in advancing their legal positions.

The contempt motion was set for a hearing before the bankruptcy court on December 29, 2014. Counsel for the debtors prepared a related notice of hearing and filed it with the court on November 30, 2014. The notice of hearing accurately reflected the December 29, 2014 hearing date and time and also expressly required any oppositions to the contempt motion to be filed "No later than 14 days preceding the hearing date for the contempt motion in compliance with Local Rule 9014(d)(1)." As required by that Local Rule, the notice of hearing also contained the following express warning, "If you object to the relief requested, you must file a written response to this pleading with the Court. You must also serve your written response on the person who sent you this notice. If you do not file a written response with the Court or if you do not serve your written response on the person who sent you this notice, then first, the Court may refuse to allow you to speak at the scheduled hearing, and second, the Court may rule against you without formally calling the matter at the hearing."

On December 2, 2014, the notice of the hearing and the contempt motion were served on Holt, Howard, and Barney. A related certificate of service was filed with the Court by counsel for the debtors the next day on December 3, 2014. No opposition, timely or otherwise, was ever filed in response to the properly noticed and served contempt motion.

On December 29, 2014, the contempt motion came on for a hearing as scheduled. Counsel for the debtors appeared and argued in support of the relief requested in the contempt motion. Despite not having filed an opposition of any kind, counsel for Holt was afforded the opportunity to present argument and opposition to the contempt motion. Because no timely opposition had been filed, however, no supporting affidavits or declarations that conform to Local Rule 9014(c) were part of the record at the December 29, 2014 hearing.

Based upon the record developed and presented at the hearing, the Court entered the contempt order on January 13, 2015, which, first, granted the relief requested in the contempt motion; second, held that the judgment that formed the evidentiary predicate for the contempt motion was void as a violation of the automatic stay in bankruptcy pursuant to 11 U.S.C. 362(a); and third, set forth a briefing schedule governing the issue of the amount of damages to be awarded in connection with the contempt motion. On January 16, 2015, Appellants filed the reconsideration motion on the contempt order.

**B. Bankruptcy Court Order**

The Bankruptcy Court applied Fed. R. Civ. P. 59(e) and 60(b), and Federal Rule of Bankruptcy Procedure 9023, to determine that there was no good cause to reconsider its earlier order, absent any newly discovered evidence, a determination of clear error on its part, or an intervening change in the controlling law. Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009).

**III. LEGAL STANDARD**

On appeal to the District Court, the Bankruptcy Court's conclusions of law are reviewed *de novo*, and its factual findings are reviewed for clear error. In re Summers, 332 F.3d 1250, 1252 (9th Cir. 2003). The District Court reviews the denial of a motion to reconsider for abuse of discretion. Fuller v. M.G. Jewelry, 950 F.2d 1437, 1441 (9th Cir. 1991). The Court must accept the Bankruptcy Court's findings of fact "unless, upon review, the court is left with the definite and firm conviction that a mistake has been committed by the bankruptcy judge." In re Greene, 583 F.3d 614, 618 (9th Cir. 2009).

## IV. DISCUSSION

Appellants challenge the Bankruptcy Court's evidentiary basis for its reconsideration ruling, on the basis of not having adequately had the opportunity to respond to "new" factual findings which they say support the Motion for Reconsideration, but were not before the Bankruptcy Court on the original motion for contempt. They also appear to challenge the contempt order itself, on the basis of those "new" factual findings not providing an adequate legal theory for a holding of contempt.

### A. Due Process Argument

Holt and Howard argue that the Bankruptcy Court denied them due process by allegedly "incorporating new theories of contempt as findings of fact in its denial of reconsideration" without providing Appellants a separate opportunity to be heard on the new allegations. They argue that the debtors proposed differing "theories of contempt" at the contempt motion stage, and at the motion for reconsideration stage. They argue that at the contempt stage, debtors raised the fact that Appellants took affirmative action against debtors after the automatic stay was in place by filing a judgment against them in state court. They then argue that at the reconsideration stage, the following facts were critical to the Bankruptcy Court's denial of reconsideration, but that these facts did not underlie the original decision on the motion for contempt, and that since they were only brought up at the reconsideration stage in debtors' response briefing and were then "adopted" by the court, Appellants did not have an adequate opportunity to respond: that Appellants took no affirmative action to set aside the state court judgment, and that Appellants made reference to that judgment no less than 29 times in the Bankruptcy Court proceedings in order to advance their own legal positions.

Appellants have not provided the Court with a record of the Bankruptcy Court's rulings as to the initial contempt motion. The transcript of that oral ruling is not available on the Bankruptcy Court's docket. "The settled rule on appellate records in general is that failure to provide a sufficient record to support informed review of trial-court determinations may, but need not, lead either to dismissal of the appeal or to affirmance for inability to demonstrate error." In re Kyle, 317 B.R. 390, 393 (9th Cir. B.A.P.). Therefore, the Court has no evidence aside from Appellants'

representations as to the factual underpinnings of the Bankruptcy Court's ruling, and the differences between the first contempt order and the reconsideration order, which are critical to Appellants' central argument on appeal. The Court finds that it has not been provided with sufficient information to analyze Appellants' arguments as to differences in the factual underpinnings of the two orders. The Court also finds that it does not have an independent obligation to obtain such evidence on behalf of a party even if it's a bankruptcy proceeding. The Court therefore finds that it does not "have enough [evidence] to enable informed review" of the argument. Id. at 393.

### B. Insufficient Basis for Contempt Order

Appellants further argue that the fact that they did not take affirmative steps to prevent the state court judgment, after the bankruptcy stay was issued, was not a sufficient basis for the contempt order, or the reconsideration order. Taking the reconsideration order, which was the order appealed to this Court, and is the only Bankruptcy Court record before this Court, the Court finds that there were multiple other bases for that order. The Bankruptcy Court appears to have considered the fact that Appellants filed a proposed judgment with the state court after, and in spite of knowing about, the bankruptcy stay, and that they did not then withdraw that proposed judgment. That, in combination with the other factors the Bankruptcy Court took into consideration, appears to be a sufficient basis for the Bankruptcy Court's ruling.

A Bankruptcy Court's determination that the automatic stay was violated is a question of law subject to *de novo* review. In re Del Mission Ltd., 98 F.3d 1147, 1150 (9th Cir. 1996). Appellants argue that since the state court judgment was only filed and signed, but not *entered*, it was not effective under Nevada law, and that therefore they had no affirmative duty to take action subsequent to the entry of the automatic stay. The Ninth Circuit has held that the plain language of the bankruptcy stay statute, 11 U.S.C. 362(a)(1), "prohibits the *continuation* of judicial actions . . . the continuation [of] judicial actions includes the maintenance of collection actions filed in state court . . . . A debtor enjoys little satisfaction from a creditor's honest words that it files a collection action in state court but refrains from persisting in the collection action until bankruptcy proceedings sort itself out. Active state filings exist as more than placeholders – the risk of default

judgment looms over the debtor throughout." Eskanos & Adler, P.C. v. Leetien, 309 F.3d 1210, 1213-15 (9th Cir. 2002). The Bankruptcy Court's finding in this case that the Appellants had a duty to stay the collection process in terms of the default judgment or not "maintain" a collection action is supported by the Ninth Circuit's holding in Eskanos. Id. This Court therefore does not find a legal basis to reverse or overturn the Bankruptcy Court's order.

V. **CONCLUSION**

**IT IS HEREBY ORDERED** that appeal is DENIED, and the Court affirms the ruling of the Bankruptcy Court in this matter. The Clerk of Court is ordered to close this case.

**DATED**: January 17, 2018.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**